WO               IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

ABRAHAM ALLEN,

               Plaintiff,

vs.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, and
MICHAEL YOUNT,

               Defendants.

No. 3:15-cv-0019-HRH

## O R D E R

### Motion in Limine

Defendants move[1] to exclude "evidence regarding the actual evaluation" of plaintiff's claim in the liability claim file.[2] This motion is opposed.[3] Oral argument was not requested and is not deemed necessary.

### Background

Plaintiff Abraham Allen was injured in a motor vehicle accident that occurred on October 17, 2012. At the time of the accident, plaintiff was driving a vehicle owned by his

---

[1]Docket No. 165.

[2]Reply [etc.] at 5, Docket No. 173.

[3]Docket No. 168.

employer, Alaska's Best Water Product. The vehicle was insured by defendant State Farm Mutual Automobile Insurance Company. State Farm opened Claim Number 02-3H19-495 in connection with the claims made against Alaska's Best's policy.[4]

The driver of the other vehicle, Kris Brandon, was also insured by State Farm. State Farm opened Claim Number 02-13F0-822 in connection with the claims made against Brandon's policy, including a liability claim made by plaintiff.[5] Steve McKitrick was the claim representative who primarily handled plaintiff's liability claim.

Brandon was determined to be one-hundred percent responsible for the accident, and plaintiff settled his liability claim against Brandon for policy limits of $100,000. Plaintiff also received $143,817.21 in Worker's Comp benefits for his injuries arising out of the accident. Plaintiff, however, contended that his damages caused by the accident exceeded these amounts and thus he made a UIM claim under the Alaska's Best policy. Defendant Michael Yount was the claim representative who handled plaintiff's UIM claim.

State Farm denied plaintiff's UIM claim, and on October 28, 2014, plaintiff commenced this action. In his complaint, plaintiff asserted a UIM claim and bad faith claims.

---

[4]Exhibit B, Motion in Limine [etc.], Docket No. 165.

[5]Exhibit C, Motion in Limine [etc.], Docket No. 165.

Plaintiff's bad faith claims were severed pending the outcome of his UIM claim, which he tried to a jury. On September 2, 2016, the jury awarded plaintiff $354,480.23 for damages caused by the October 17, 2012 motor vehicle collision.[6]

As part of his discovery on his bad faith claims, plaintiff requested and State Farm produced the claim file for Claim Number 02-13F0-822 (the liability claim file).[7] In its opening brief, State Farm claimed that Yount did not have access to the information in the liability claim file. However, Yount avers in his declaration offered in support of the instant motion that while he did not "recall reviewing the claim evaluation" in the liability claim file, he believed that he "accessed" the liability claim file "to get the name and contact information of the adjuster assigned to the liability claim so I could contact [him] with questions I had."[8]

Defendants now move to exclude plaintiff from offering "all evidence regarding State Farm's handling and evaluation of the claim against Ms. Brandon contained in Claim Number 02-13F0-822. . . ."[9] Defendants contend that this evidence is not relevant or if it is relevant, its probative value is outweighed by the danger of unfair prejudice.

---

[6] Docket No. 91.

[7] State Farm objected to producing the liability claim file and only produced it after being compelled to do so by the court. See Order re Motion to Compel; Motion to Quash at 12, Docket No. 154.

[8] Affidavit of Michael Yount at 2, ¶ 3, attached to Notice of Filing Signed Affidavit, Docket No. 172.

[9] Motion in Limine [etc.] at 4, Docket No. 165.

## Discussion

Rule 401, Federal Rules of Evidence, provides:

> Evidence is relevant if:
>
> (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and
>
> (b) the fact is of consequence in determining the action.

Evidence that is not relevant is not admissible. FRE 402. But even relevant evidence may be excluded if it has minimal probative value and would be unduly prejudicial to the party it is being offered against. FRE 403.

Defendants argue that State Farm's handling and evaluation of plaintiff's liability claim is irrelevant to the issue of whether defendants acted in bad faith in handling his UIM claim, primarily because plaintiff's liability claim was handled by a different claim representative who did not have all of plaintiff's medical records when he was evaluating plaintiff's liability claim. Defendants contend that the difference in information available to the two claim representatives makes the evaluation of plaintiff's liability claim irrelevant to plaintiff's bad faith claims. Defendants insist that Yount and McKitrick were making separate evaluations based on different considerations and different information and thus the one evaluation has nothing to do with the other. Moreover, defendants argue that given that Yount does not recall reviewing the liability claim file, any information or evaluation in that file could not possibly be relevant to the issue of whether defendants acted in bad faith in handling plaintiff's UIM claim.

Plaintiff has shown that the liability claim representative's evaluation of his liability claim has some relevancy to his bad faith claims. There is evidence that Yount spoke with McKitrick about plaintiff's liability claim. On April 29, 2014, Yount indicated that he planned to speak to McKitrick about his "Auto Injury Evaluation" and "how he related inj[ury]."[10] And, in fact, Yount spoke to McKitrick on April 29, 2014, as Yount noted in the UIM claim file. Yount noted that he spoke to McKitrick who

> advised no photos of V1 available. Only have an estimate for the fuel pump, mechanical, which was paid, $931.08. No physical dmgs were claimed. Does have photos of V2 which shows some cracks to the f/e. He will send copy of V1 est to scios to add to this file. He cannot release photos of V2 w/out his insured consent. Explnd I will f/u w/ current handler Harriet to contact clmt to req [her] permission to release photos.[11]

In addition, at his deposition, Yount testified that he "had a chance to go through and review the prior interactions that State Farm people had with the parties[,]"[12] which at least suggests that Yount looked at or reviewed the liability claim file.

---

[10] Exhibit 3 at SF000060, Plaintiff's Opposition [etc.], Docket No. 168.

[11] Exhibit 4 at SF000059, Plaintiff's Opposition [etc.], Docket No. 168. Defendants do not object to evidence being presented as to what information McKitrick and Yount shared; defendants only object to evidence of the actual liability claim evaluation being admitted.

[12] Deposition of Michael S. Yount at 31:21-25, Exhibit 5, Plaintiff's Opposition [etc.], Docket No. 168.

Plaintiff's expert, Stephen Strzelec, has explained why the fact that Yount looked at or reviewed the liability claim file is relevant to plaintiff's bad faith claims. Strzelec testified:

> So, yeah, [State Farm has] two separate adjusters handling this case. But you've got an experienced claim rep, very experienced claim rep in Steve McKintrick [phonetically] who evaluated the claim. And it went to his boss and went to his section manager to get $100,000 authority. So you've got three layers of management that have reviewed the claim. And you know, those are questions that Mr. Yount might want to be asking. Get that authorization and look at that or see if he can get authority to look at the liability file, or talk to the claim rep, and find out what was the process. Who knows? I mean, it's something that could have been considered.[13]

The fact that McKitrick evaluated plaintiff's damages to be in a range of $137,777.58 to $147,177.58[14] and Yount evaluated plaintiff's damages to be in a range of $0.00 to $230,384.02[15] does not mean that the liability claim file is not relevant to plaintiff's bad faith claims. Defendants argue that it makes no sense that the liability claim representative's evaluation of plaintiff's liability claim would somehow be evidence of bad faith, when Yount found that the potential value of plaintiff's UIM claim was more than the high end of McKitrick's range. Defendants contend that plaintiff has not explained "how a liability claim evaluation, with a different and lower value range, has a tendency to demonstrate that a UIM

---

[13]Deposition of Stephen Strzelec at 106:13-25, Exhibit 7, Plaintiff's Opposition [etc.], Docket No. 168.

[14]Exhibit 1 at 1, Plaintiff's Opposition [etc.], Docket No. 168.

[15]Exhibit 2 at 1, Plaintiff's Opposition [etc.], Docket No. 168.

claim adjuster's evaluation was reached in 'bad faith.'"[16] Defendants further contend that if the liability claim representative's evaluation is admitted as evidence, and in particular if his range of damages is admitted, then the court should rule that plaintiff has been fully compensated for his damages as he has already recovered in excess of that range.

This last contention makes no sense. The issue of plaintiff's damages on the UIM claim was resolved by the jury and there would be no reason for the court to rule on this issue at this time. As for defendants' contention that plaintiff has not explained how the liability claim evaluation could be relevant, as discussed above, plaintiff has adequately explained the relevancy of this information by citing to his expert's testimony. His expert thinks it is significant that the liability claim was paid at policy limits, with apparently little question as to whether plaintiff's injuries were caused by the accident, while Yount, in handling plaintiff's UIM claim, continually questioned whether any of plaintiff's injuries had been caused by the accident.

But even if the actual liability claim evaluation were relevant, which it is, defendants argue that it should still be excluded because its probative value is outweighed by the danger of unfair prejudice. "The advisory committee for the Federal Rules of Evidence defines 'unfair prejudice' as 'an undue tendency to suggest decision on an improper basis.'" United States v. Maharaj, Case No. 2:05–CR–364 JCM VCF, 2012 WL 4341060, at *2 (D. Nev. Sept. 20, 2012).

---

[16]Reply [etc.] at 3, Docket No. 173.

Defendants argue that allowing plaintiff to introduce the actual liability claim evaluation will only confuse and mislead the jury. Defendants argue that the only purpose plaintiff could have for introducing this evidence is to improperly suggest that Yount was bound by the determinations made by the liability claim representative.

The court is not convinced that evidence related to the actual liability claim evaluation would confuse or mislead the jury. Plaintiff has a proper reason for offering this evidence. This evidence would not be unfairly prejudicial.

## Conclusion

Defendants' motion in limine[17] is denied.

DATED at Anchorage, Alaska, this 22nd day of May, 2018.

/s/ H. Russel Holland
United States District Judge

---

[17]Docket No. 165.